NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 907

IN RE KGK SYNERGIZE, INC.,

Petitioner.

On Petition for Writ of Mandamus to the United States District Court for
the Northern District of Illinois in case no.08-CV-07403,
Magistrate Judge Sidney I. Schenkier.

ON PETITION FOR WRIT OF MANDAMUS

Before LOURIE, FRIEDMAN, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

## O R D E R

KGK Synergize, Inc. petitions for a writ of mandamus directing the United States District Court for the Northern District of Illinois to (1) reverse its May 13, 2009 order denying KGK's motion to dismiss Counts V and VI of the complaint, (2) reverse its June 29, 2009 order denying KGK's motion for reconsideration of the May 13 order, and (3) dismiss Counts V and VI of the complaint for lack of jurisdiction. SourceOne Global Partners, LLC opposes.

The patent in suit, U.S. Patent No. 6,987,125 (the '125 Patent) is co-owned by KGK and the United States. SourceOne filed a complaint against KGK seeking, inter alia, a declaratory judgment that the '125 patent is invalid and not infringed by SourceOne. The complaint did not name the United States as a defendant. KGK filed an answer and a motion to dismiss. In the motion to dismiss, KGK asserted that the district court lacked jurisdiction because a co-owner of the '125 Patent, the United States, had not been joined and could not be joined due to sovereign immunity.

Alternatively, KGK argued that the counts in the complaint pertaining to the '125 Patent, Counts V and VI, should be dismissed pursuant to Fed. R. Civ. P. 19 for failure to join a required and indispensable party that could not be joined, i.e., the United States. The United States submitted a statement of interest to the district court, arguing that Counts V and VI of the complaint should be dismissed because its rights as a co-owner of the patent would be prejudiced if the suit were to proceed in its absence. The district court denied the motion to dismiss and KGK's motion for reconsideration.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U. S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985); see also United States v. Watson, 603 F.2d 192, 196-97 (C.C.P.A. 1979) ("the writ will not issue to cure the mere commission of reversible error"). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." In re Roche Molecular Sys., Inc., 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing Watson, 603 F.2d at 195).

The court determines that KGK has not shown that it has no other means of obtaining the relief requested. We note that KGK could have sought certification of the district court's orders pursuant to 28 U.S.C. § 1292(b). In any event, KGK has not

shown that it cannot obtain adequate relief on appeal after final judgment. Thus, the court determines that KGK has not met its burden to obtain a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

OCT 0 9 2009
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Marvin S. Gittes, Esq.
Keith J. Grady, Esq.
Susan L.C. Mitchell, Esq.
U.S. Dist. Ct., N.D, Ill.
Clerk, N.D. Ill.

s17

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 0 9 2009

JAN HORBALY
CLERK

Misc. 907                    3